**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

*ELECTRONICALLY FILED*

| | |
|---|---|
| Mary Teresa Gipe, on behalf of her incapacitated son, William Thomas Gipe, junior,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Medtronic, Inc.; Medtronic Diabetes; Medtronic MiniMed, Inc.; Unomedical Devices SA de CV; Unomedical A/S; and Greenhaven Apartments,<br><br>　　　　Defendants. | Civil Action No. 3:18-cv-00584-DJH<br><br><br><br>**MEDTRONIC MINIMED, INC.'S REPLY IN SUPPORT OF ITS MOTION TO SEVER AND RESPONSE TO PLAINTIFF'S MOTION TO REMAND** |

## INTRODUCTION

Contrary to Plaintiff's repeated misstatements, this Court can and must decide whether Greenhaven Apartments was fraudulently joined. The answer is yes because, as Plaintiff has not even attempted to refute, the installation of surveillance cameras could not possibly have increased the risk to Mr. Gipe compared to if the cameras had never been installed, and thus Greenhaven Apartments did not assume a duty to Mr. Gipe, and Plaintiff has no colorable claim against this defendant. Also contrary to Plaintiff's repeated misstatements, because Greenhaven Apartments is fraudulently joined, it need not have consented to Medtronic, Inc.'s ("Medtronic") removal, and the Court should dismiss Greenhaven Apartments. The Court need not reach any other issues, including Medtronic MiniMed, Inc.'s ("MiniMed") removal. But, if it does, MiniMed's removal was appropriate, effective and cured any defect to Medtronic's removal. Because the remaining issues have been comprehensively briefed, MiniMed incorporates

Defendants' previous papers herein and submits this one brief as its reply in support of its motion to sever and response to Plaintiff's motion to remand.

I. **THE COURT CAN AND SHOULD DISMISS GREENHAVEN APARTMENTS AS FRAUDULENTLY JOINED AND NOT REACH ANY OTHER ISSUES.**

   A. **Plaintiff Repeatedly Misstates The Procedural Law Regarding Fraudulent Joinder in Arguing The Court Does Not Have Jurisdiction To Act And The Fraudulently Joined Defendant Must Consent to Removal.**

Plaintiff's briefing repeatedly conflates the procedural law regarding fraudulent joinder, Rule 21 severance, and fraudulent misjoinder, most importantly with respect to whether the Court has jurisdiction to act and whether Greenhaven Apartments' consent to removal is required. Plaintiff repeatedly argues both that: 1) the Court does not have jurisdiction to grant any of the relief requested by Medtronic and MiniMed and therefore should not reach the substance of any of Medtronic's and MiniMed's arguments, (Pl.'s Resp. to Medtronic's Mot. to Sever [Doc. 12] at 2, 5-6; Pl.'s Mot. to Remand (Medtronic) [Doc. 14] at 1-3; Pl.'s Reply in Supp. of Remand (Medtronic) [Doc 30] at 2-3; Pl.'s Resp. to MiniMed's Mot. to Sever [Doc. 29] at 6-7; Pl.'s Mot. to Remand (MiniMed) [Doc. 31] at 8 (incorporating Docs. 12, 14 & 29)); and 2) the Court should not reach the substance of any of Medtronic's and MiniMed's arguments because none of the doctrines raised are an exception to the rule of unanimity, (Pl.'s Resp. to Medtronic's Mot. to Sever [Doc. 12] at 1, 6-7; Pl.'s Mot. to Remand (Medtronic) [Doc. 14] at 2-3; Pl.'s Reply in Supp. of Remand (Medtronic) [Doc 30] at 1-3; Pl.'s Mot. to Remand (MiniMed) [Doc. 31] at 8 (incorporating Docs. 12 & 14)).

While case law is admittedly less clear on these issues with respect to Rule 21 severance and fraudulent misjoinder, there is no doubt that the Court may dismiss Greenhaven Apartments as fraudulently joined, and a fraudulently joined defendant need not consent to removal. Plaintiff's arguments to the contrary have no basis in law. In all her briefs, only once does

Plaintiff even acknowledge that fraudulent joinder may "in certain circumstances" be treated differently (directly contradicting all of Plaintiff's arguments cited *supra*). (Pl.'s Reply in Supp. of Remand (Medtronic) [Doc 30] at 2.) But, there, Plaintiff's arguments are nonsensical. Plaintiff attempts to distinguish *Chambers v. HSBC Bank USA, N.A.*, saying "there, the plaintiff 'sought no monetary or other relief' from the non-diverse defendant, and the defendant was therefore dismissed, not severed." (*Id.* (quoting *Chambers*, 796 F.3d at 565-66)) First, the lack of monetary relief requested was part of the reason the court <u>found</u> fraudulent joinder; it had nothing to do with the court's jurisdiction to consider fraudulent joinder or the rule of unanimity. 796 F.3d 560, 565-66 (6th Cir. 2015), *reh'g en banc denied* (Sept. 10, 2015). Second, as Medtronic and MiniMed have consistently said in their briefs, dismissal, not severance, <u>is</u> the remedy for fraudulent joinder (as distinguished from Rule 21 severance and fraudulent misjoinder). *See, e.g.*, *Estate of Shearer, ex rel. Shearer v. T & W Tool & Die Corp.*, Civil Action No. 08-175-KSF, 2008 WL 2891168, at *5 (E.D. Ky. July 24, 2008) (dismissing fraudulently joined parties and citing *In re Briscoe*, 448 F.3d 201, 216 (3rd Cir. 2006) ("holding that once a court finds fraudulent joinder, the court can 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants and thereby retain jurisdiction'")); *Miller v. Occidental Chem. Corp.*, No. Civ. A. 105CV124R, 2005 WL 2406102, at *4 (W.D. Ky. Sept. 28, 2005) (denying motion to remand and dismissing fraudulently joined defendant).

      Plaintiff next states, "Whereas fraudulent joinder may in certain circumstances constitute an exception to the rule of unanimity…, this procedure is particularly troublesome where, as here, the Court should find that the non-diverse defendant is not fraudulently joined." (Pl.'s Reply in Supp. of Remand (Medtronic) [Doc 30] at 2.) This argument is circular. "To show that a

3

party was fraudulently joined, <u>and therefore consent from that party is not required for unanimity</u>, the removing defendants must show that there is no colorable cause of action against that party." *Chambers*, 796 F.3d at 564 (emphasis added). That is, fraudulent joinder is <u>always</u> an exception to the rule of unanimity. If a defendant is fraudulently joined, it need not consent. The only question is whether Greenhaven Apartments is fraudulently joined; there is no doubt that, if it is, it need not consent.

Plaintiff next argues that the Court does not have jurisdiction to consider whether Greenhaven Apartments is fraudulently joined, and that "[s]everal courts in this Circuit have found this practice improper …." (Pl.'s Reply in Supp. of Remand (Medtronic) [Doc 30] at 2-3 (citing *Estate of Owens v. E.I. Dupont De Nemours & Co.*, No. 12-111-DLB, 2013 U.S. Dist. LEXIS 189836, at *23 (E.D. Ky. June 17, 2013); *Geffen v. GE*, 575 F. Supp. 2d 865, 871 (N.D. Ohio 2008); *Halliburton v. Johnson & Johnson*, 983 F. Supp. 2d 1355, 1359-60 (W.D. Okla. 2013), *aff'd sub nom. Parson v. Johnson & Johnson*, 749 F.3d 879 (10th Cir. 2014)).) However, Plaintiff again conflates the procedural law of fraudulent joinder with that governing Rule 21 severance and fraudulent misjoinder to reach this faulty conclusion. For example, the quotations from *Estate of Owens* that Plaintiff attributes to fraudulent joinder came from the court's analysis of <u>Rule 21 severance</u>. 2013 U.S. Dist. LEXIS 189836, at *22-24. Not only that but, prior to these comments on Rule 21 severance, the court <u>applied the fraudulent joinder doctrine</u>. *Id.* at *7-15; *id.* at *7 ("The Sixth Circuit 'has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.'" (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). *Geffen* and *Halliburton* both involved the fraudulent <u>mis</u>joinder doctrine, not fraudulent joinder—a distinction that is apparent on the face of the cases. *Geffen*, 575 F. Supp. 2d at 869 ("[Defendant] goes to great lengths to explain that its argument in support

4

of removal and against remand is based not on the doctrine of fraudulent joinder, but on "misjoinder" of the Medical Defendants."); *Halliburton*, 983 F. Supp. 2d at 1358-59 ("While the Court of Appeals for the Tenth Circuit has long recognized the doctrine of fraudulent joinder of defendants, it has not adopted the doctrine of fraudulent misjoinder….") (emphases added).

As Medtronic and MiniMed have made clear in all of their briefs, there is not even a reasonable basis to argue, as Plaintiff does, that the Court lacks jurisdiction to apply fraudulent joinder or that a fraudulently joined defendant must consent. Nor, as Plaintiff claims, does the Court have "discretion" to apply "Medtronic's theory of fraudulent joinder[.]" (Pl.'s Reply in Supp. of Remand (Medtronic) [Doc 30] at 3.) Rather, referring to its fraudulent joinder doctrine, the Supreme Court "require[s] courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." *Mississippi ex rel. Hood v. Au Optronics Corp.*, 134 S. Ct. 736, 745 (2014) (emphasis added) (citing *Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 185–186 (1907)).

The Court not only can, it must decide whether Greenhaven Apartments is fraudulently joined, and, if the answer is yes, Greenhaven Apartments need not have consented to Medtronic's removal.

   **B.**  **Plaintiff Fails To Refute Defendants' First Argument for Fraudulent Joinder That The Installation of Security Cameras Could Not Have Increased The Risk To Mr. Gipe Compared To If The Cameras Had Never Been Installed.**

As established *supra*, the only inquiry relevant to fraudulent joinder is whether Plaintiff has a colorable claim against Greenhaven Apartments. And, as established by Medtronic's, Greenhaven Apartments' and MiniMed's briefing, Plaintiff does not. Most notably, despite admitting that § 323 of the Restatement (Second) of the Law of Torts governs the question of whether Greenhaven Apartments assumed a duty to Plaintiff by installing surveillance cameras, Plaintiff has not even attempted to refute Defendants' point that the existence of the cameras

could not have increased the risk to Mr. Gipe compared to if the cameras had never been installed, as is required by § 323. This is because Plaintiff cannot overcome this argument. Under no standard could any court or jury find that the installation of surveillance cameras increased the risk to Mr. Gipe compared to if Greenhaven Apartments had never installed any cameras at all. There are no ambiguities in the alleged facts or law that can save Plaintiff's claim. Accordingly, Greenhaven Apartments did not assume a duty to Mr. Gipe, Plaintiff has no colorable claim against Greenhaven Apartments, Greenhaven Apartments is fraudulently joined and the Court should dismiss it from the case.[1]

### C. The Court Need Not Reach Any Other Issues.

Medtronic alleged fraudulent joinder in its (the first) notice of removal, and it is clear that the Court must decide fraudulent joinder, Plaintiff's claim against Greenhaven Apartments is not colorable, and a fraudulently joined defendant need not consent to removal. Accordingly, the Court can and should dismiss Greenhaven Apartments and retain jurisdiction over the remaining claims against the Products Liability Defendants. Accordingly, the Court need not reach any remaining issues, such as whether it has jurisdiction to address Rule 21 severance or misjoinder, whether those grounds are exceptions to the rule of unanimity, the substance of those grounds, and MiniMed's removal and motion to sever.[2]

---

[1] Plaintiff's other arguments regarding its claim against Greenhaven Apartments also fail, but these have been comprehensively briefed by Medtronic, Greenhaven Apartments and MiniMed, so MiniMed relies on Defendants' previous briefing and incorporates it herein rather than repeating it.

[2] MiniMed maintains that the Court has jurisdiction to address Rule 21 severance and misjoinder, these grounds are exceptions to the rule of unanimity, and the Court should maintain jurisdiction on these grounds if it reaches them. However, since these issues have also been comprehensively briefed by Medtronic, Greenhaven Apartments and MiniMed, MiniMed relies on Defendants' previous briefing on these issues and incorporates it herein rather than repeating it.

## II.     **MINIMED'S REMOVAL WAS APPROPRIATE AND EFFECTIVE.**

Plaintiff filed this products liability case in state court with a single, landlord-tenant "negligence" claim against Greenhaven Apartments, which is a fraudulently joined and fraudulently misjoined defendant, as well as a defendant this Court may sever pursuant to Rule 21. Medtronic appropriately removed the case to this Court on all three of these grounds. Because Plaintiff had not yet served MiniMed when Medtronic removed, MiniMed could not join or consent to Medtronic's removal when it was filed. Subsequently, not only did Plaintiff make every colorable argument against Medtronic's removal, as explained *supra*, Plaintiff maintains arguments against Medtronic's removal that have no basis in law. Faced with this posture, MiniMed filed its own notice of removal within 30 days of service upon it in compliance with 28 U.S.C. § 1446(b) and with the (unnecessary) consent of Greenhaven Apartments. The reason for the multiple motions is Plaintiff's decision to file this case in state court, serve Defendants at different times, and oppose every ground of Medtronic's removal. MiniMed is merely exercising its right to remove and defend itself in federal court.

While Plaintiff found three cases outside the Sixth Circuit saying a case cannot be removed twice and stated she could not find any cases supporting MiniMed's removal, case law within this circuit and elsewhere establishes that a later-served defendant may—indeed sometimes must—file its own notice of removal, even when an earlier-served defendant's removal is pending. In *Uppal v. Elec. Data Sys.*, earlier-served defendant MetLife was served on November 19, 2003, and removed on December 18, 2003, on federal question grounds. 316 F. Supp. 2d 531, 532 (E.D. Mich. 2004). Later-served defendant EDS was served on January 16, 2004, after the case was already in the federal court. *Id.* at 533. Plaintiff moved to remand on March 12, 2004, arguing federal question jurisdiction was lacking. *Id.* EDS filed a response to the remand motion asserting diversity jurisdiction, but plaintiff argued EDS's assertion of

7

diversity jurisdiction was untimely because EDS did not raise this jurisdictional basis within 30 days of being served. *Id.* The court granted the remand motion, ruling that, despite the fact that MetLife's removal was pending in the federal court when EDS was served, and despite the fact that EDS filed a response to the remand motion raising diversity jurisdiction, the later-served EDS had to have filed its own notice of removal within 30 days of being served. *Id.* at 534 (relying on *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527 (6th Cir.1999)). EDS's mistake, the court ruled, was relying on earlier-served MetLife's pending removal without considering whether it might be defective. *Id.* at 536. "In so doing, it took the risk that MetLife had not properly removed the case. It must be bound by that decision." *Id.*

Under *Uppal*, not only could MiniMed file its own notice of removal, it had to remove within 30 days of being served or lose its right to remove forever. While MiniMed raised the same grounds for removal as Medtronic and maintains that Medtronic did not need Greenhaven Apartments' consent under any ground, due to Plaintiff's opposition to each of Medtronic's removal grounds and argument that Medtronic violated the rule of unanimity, MiniMed took its only opportunity to remove with Greenhaven Apartments' consent to eliminate any doubt.

Many other cases also support MiniMed's removal. *See Cent. Laborers' Pension Fund v. Chellgren*, No. Civ.A. 02-220-DLB, 2004 WL 1348880, at \*6 (E.D. Ky. Mar. 29, 2004) ("[Later-served defendant] could have joined in the [pending] Notice [of removal] or had until … thirty days from the date of service upon it[] to file its consent to removal or file its own notice of removal…."); *Zipline Logistics, LLC v. Powers & Stinson, Inc.*, No. 2:15-00693, 2015 WL 5139084, at \*1 (S.D. Ohio Sept. 2, 2015) ("[O]n February 23, 2015, [defendant] P & S filed a notice of removal with this Court. Defendant McKnatt (together with P & S, "Removing Defendants") filed his own notice of removal shortly thereafter." ); *Good v. Tyson Foods, Inc.*,

8

No. 06-CV-1003-LRR, 2006 WL 694998, at *2 (N.D. Iowa Mar. 17, 2006) (refusing plaintiff's request to strike later-served defendant's removal due to the pending earlier-served defendant's removal because "[t]he mere fact [earlier-served defendant] was served before [later-served defendant] and beat [later-served defendant] to the courthouse cannot take away [later-served defendant]'s right to <u>file his own timely notice of removal</u>. To hold otherwise would wholly undermine the … last-served defendant rule."); *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 756–57 (8th Cir. 2001) ("We conclude that, if faced with the issue before us today, the [Supreme] Court would allow each defendant thirty days after receiving service within which to file a notice of removal, <u>regardless of when—or if—previously served defendants had filed such notices</u>."); *Alejandro v. Philadelphia Vision Ctr.*, 271 F. Supp. 3d 759, 761 (E.D. Pa. 2017) ("Each defendant must sign another defendant's Notice of Removal, <u>file its own Notice of Removal</u>, or file a written consent to, or joinder in the original Notice of Removal."); *Brodar v. McKinney*, 378 F. Supp. 2d 634, 637 (M.D.N.C. 2005) (granting motion to remand because two defendants did not include third defendant in their notice of removal, and third defendant "<u>did not file[] its own notice of removal</u> and did not join in the notice of removal or file a written consent to the notice of removal filed by [the first two defendants]…."); *Ellerbee v. Union Zinc, Inc.*, 881 F. Supp. 162, 164 (E.D. Pa. 1995) ("Here, each defendant, through counsel, filed its own document evincing intent to remove or join in removal of this action. Old South and Union Zinc <u>each filed a notice of removal</u>. Tennessee Steel filed a 'Consent to Removal….'Thus, I find that all defendants have adequately joined in or consented to removal of this case."); *Motorola Sols., Inc. v. Pick*, No. 2:15-CV-00236-MMD-GWH, 2015 WL 5895902, at *2 (D. Nev. Oct. 8, 2015) (granting motion to remand because later-served defendant consented to the pending, but untimely, notice of removal filed by earlier-served defendant

instead of filing her own notice of removal); *Clark v. Field Inspection Serv., Inc.*, Civ. A. NO. 94-192, 1994 WL 180278, at *2 (E.D. La. May 5, 1994) (granting motion to remand because later-served defendant did not "fil[e] its own notice of removal or consent[] to [earlier-served defendant's pending] removal…."); *Brooks v. Rosiere*, 585 F. Supp. 351, 352–53 (E.D. La. 1984) ("The rule of unanimity does not require that all defendants sign the same petition for removal. All that the rule demands is that each defendant petition for removal, either independently or by joining in or consenting to another defendant's petition….") (all emphases added).³ Thus, if MiniMed had not removed within 30 days of being served on September 5, 2018, it would have missed its 30-day deadline under 28 U.S.C. § 1446(b).

Accordingly, although MiniMed maintains that neither its nor Medtronic's notice of removal required Greenhaven Apartments' consent, because MiniMed's removal was

---

³ Plaintiff misstates the case law on this point too. Plaintiff relies on *Williams v. Equifax Info. Servs. LLC*, 359 F. Supp. 2d 1284 (M.D. Fla. 2005) for the proposition that all defendants should file a single notice of removal, and consenting to the original notice is the proper method by which multiple defendants may join a removal. (Pl.'s Reply in Supp. Mot. to Remand (Medtronic) [Doc. 30] at 9; Pl.'s Mot. to Remand (MiniMed) [Doc. 31] at 6-7.) But, the only issue decided in *Equifax* was whether an original removal constitutes consent to a later removal. 359 F. Supp. 2d at 1285-87. Also contrary to Plaintiff's claim, later, after the Eleventh Circuit adopted the last-served defendant rule, *Holloway v. Select Hotels Grp., LLC* neither "followed" *Equifax* nor "insisted" that multiple defendants file a single notice of removal. (*See* Pl.'s Reply in Supp. Mot. to Remand (Medtronic) [Doc. 30] at 9; Pl.'s Mot. to Remand (MiniMed) [Doc. 31] at 7.) Rather, *Holloway* merely quoted *Equifax* because the plaintiff in *Holloway* unsuccessfully attempted to rely on *Equifax*. No. 8:08-CV-1208-T-33TBM, 2008 WL 4534135, at *3 (M.D. Fla. Oct. 7, 2008). The *Holloway* court then immediately stated that "[*Equifax*] stands in stark contrast to the present case where there was only one notice of removal filed …." *Id.* Indeed, not only was there only one notice of removal, both defendants had been served before it was filed. *Id.* at *1-2. The only ruling the court made was that one defendant's notice of consent to removal was sufficient and did not make the previously-filed notice of removal defective. *Id.* at *5. Thus, in addition to the fact that *Holloway* did not "follow" *Equifax*, its facts are inapposite, and the court did not address multiple removals. In any event, the single notice of removal rule Plaintiff suggests cannot be squared with *Uppal* (and other cases cited *supra*), which require a later-served defendant file its own removal notice or lose its chance to remove forever.

10

appropriate and effective, and Medtronic and Greenhaven Apartments consented to it, MiniMed's removal does cure any consent defect in Medtronic's removal.

Last, because MiniMed's removal is appropriate, effective and supported by abundant case law, it is eminently reasonable, and Plaintiff is not entitled to costs.

### III. GREENHAVEN APARTMENTS CONSENTED TO MEDTRONIC'S REMOVAL BY OPPOSING PLAINTIFF'S MOTION TO REMAND.

Finally, there is yet another reason why Medtronic's notice of removal did not violate the rule of unanimity—Greenhaven Apartments consented to Medtronic's removal by opposing Plaintiff's motion to remand. (*See* Greenhaven Apartments' Resp. to Medtronic, Inc.'s Mot. to Sever and Resp. and Objection to Pl.'s Mot. to Remand [Doc. 20].) In *Harper v. AutoAlliance Int'l, Inc.*, the Sixth Circuit held that a defendant's opposition to a motion to remand cures any consent defect in another defendant's pending notice of removal, even if the opposition is filed more than 30 days after service on the defendant filing it. 392 F.3d 195, 202 (6th Cir. 2004); *see also Crockett v. Mut. of Omaha Bank*, Civil No. 3:12-0779, 2013 WL 3335113, at *3 (M.D. Tenn. July 2, 2013) ("[I]n the Sixth Circuit, there is a third way in which the consent of non-removing defendants can be manifested, and that is by the filing of an opposition to a motion to remand. Under [*Harper*], it is clear that the filing of an opposition to a motion to remand does not need to take place within any 30–day period, however delineated."); *Polston v. Millennium Outdoors, LLC*, CIVIL ACTION NO. 6:16-cv-16-KKC, 2016 WL 2930931, at *2 (E.D. Ky. May 19, 2016) (same), *opinion set aside on other grounds*, CIVIL ACTION NO. 6:16-CV-16-KKC, 2017 WL 878230 (E.D. Ky. Mar. 6, 2017); *City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 815–16 (N.D. Ohio 2008) (same); *Griffin v. Lowe's Companies, Inc.*, Case No. 6:18-CV-378-Orl-31TBS, 2018 WL 2676580, at *2 (M.D. Fla. June 5, 2018) (same); *Govan v. Yale Carolinas, Inc.*, 114 F. Supp. 3d 1183, 1189 (N.D. Ala. 2015) (same). For this additional

reason, Medtronic's removal did not violate the rule of unanimity, and the Court need not even reach MiniMed's removal.

## CONCLUSION

For these reasons, MiniMed respectfully requests that the Court deny Plaintiff's motion to remand and dismiss Greenhaven Apartments. Alternatively, the Court may grant Medtronic's and/or MiniMed's motion to sever Greenhaven Apartments.

Respectfully submitted,

*/s/ Susan J. Pope*
Susan J. Pope
FROST BROWN TODD LLC
250 West Main Street, Suite 2800
Lexington, KY 40507
Telephone: 859-231-0000
Facsimile: 859-231-0011
spope@fbtlaw.com

and

Keiko L. Sugisaka (admitted *pro hac vice*)
Joseph P. Ceronsky (admitted *pro hac vice*)
MASLON LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: 612-672-8200
Facsimile: 612-672-8397
keiko.sugisaka@maslon.com
joseph.ceronsky@maslon.com

***Counsel for Defendant Medtronic MiniMed, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2018, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/Susan J. Pope*
*Counsel for Defendant Medtronic MiniMed, Inc.*

0121895.0664773   4812-4897-2921v1